HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

METROPCS GEORGIA, LLC,

    Plaintiff,

v.

METRO DEALER INC.; JAD DEA; and MOBILE USA, INC.,

    Defendants.

Case No. C18-1476-RAJ

ORDER

This matter comes before the Court on Defendant Jad Dea's ("Mr. Dea") Motion to Dismiss Plaintiff's Amended Complaint for Injunctive Relief ("Motion to Dismiss"). Dkt. # 12. Plaintiff MetroPCS Georgia, LLC ("MetroPCS") opposes, and Mr. Dea has filed a Reply. Dkt. ## 13, 17. For the reasons that follow, the Court **DENIES** Mr. Dea's Motion.

### I. BACKGROUND

The following is taken from MetroPCS' Amended Complaint, which is assumed to be true for the purposes of this motion to dismiss, as well as declarations provided by both parties. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *see also Dole Food Co. v. Watts*, 303 F.3d 1104, 1107 (9th Cir. 2002) (holding that in the context of a Rule 12(b)(2) motion for lack of personal jurisdiction, the court is to take as true the

ORDER – 1

allegations of the non-moving party and resolve all factual disputes in its favor); *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("Moreover, when considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction.").

MetroPCS is a Delaware LLC with its principal place of business in Bellevue, Washington. Dkt. # 7 at ¶ 4. Defendants Metro Dealer Inc. ("Metro Dealer") and Mobile USA, Inc. ("Mobile USA") are Florida corporations, with their principal places of business in Georgia. *Id.* at ¶¶ 5, 7. Defendant Jad Dea is a citizen of Georgia. *Id.* at ¶ 6.

Until July 2018, Metro Dealer was a MetroPCS subdealer, operating through MetroPCS' Master Dealer, DMW GA, Inc. ("DMW"). Dkt. # 7 at ¶ 1. In October 2017, Metro Dealer and DMW entered into an Exclusive Subdealer's Agreement to Comply With Dealer Agreement ("Subdealer Agreement"), with an effective date of October 12, 2017. *Id.* The Subdealer Agreement further provided that MetroPCS was "a third-party beneficiary" of the Subdealer Agreement, and that it "may take any equitable or legal action required to enforce its provisions and the terms and conditions of the Dealer Agreement." *Id.*

According to the Amended Complaint, the Subdealer Agreement specifically provided that Metro Dealer "shall comply with all terms and conditions of the Dealer Agreement, including but not limited to . . . the covenant not to compete (Section 16.7)." Dkt. # 7 at 11. Paragraph 16.7 of the Dealer Agreement, which MetroPCS alleges was incorporated into the Subdealer's Agreement, provided that the dealer would not sell wireless services in competition with MetroPCS or solicit, divert, or attempt to divert MetroPCS's customers for a period of six months following termination of its agreement, within two miles of any of the storefronts in which it had operated as a MetroPCS dealer. *Id.* at ¶ 2. Paragraph 16.7 also provided that if the dealer "breaches this warranty and covenant, then, in addition to any other legal or equitable remedy that MetroPCS may

ORDER – 2

have, the post-termination of this warranty covenant will be extended for one (1) day for each day during which the Dealer's breach was ongoing." *Id.* at ¶ 17.

The Amended Complaint also alleges that Paragraph 2.4 of the Dealer Agreement also contained a six-month non-solicitation provision:

> All customers are owned by MetroPCS and not by Dealer. During the term of this Agreement and for a period of six (6) months after termination of this Agreement (whether voluntary or involuntary, with or without cause), Dealer, its principals, owners, partners, members, shareholders, officers, directors, employees, agents ("Affiliated Persons") and any entity in which an Affiliated Person owns an interest and/or any successor entity to Dealer ("Affiliated Entity") shall not at any time (i) request any MetroPCS customer to curtail or cancel its business with MetroPCS, or (ii) otherwise solicit, divert or attempt to divert any such MetroPCS customer from patronizing MetroPCS.

Dkt. # 7 at ¶ 17.

MetroPCS alleges that on or before July 2018, Metro Dealer breached the Subdealer Agreement, prompting DMW and MetroPCS to jointly provide a Notice of Termination of the Subdealer Agreement for cause by letter dated July 13, 2018, effective August 15, 2018. Dkt. # 7 at ¶ 15. Soon after termination, MetroPCS became aware that Defendants were selling competing wireless services from the former MetroPCS store for Tracfone Wireless, a competitor of MetroPCS. *Id.* at ¶¶ 19, 20. After receving information from Tracfone, MetroPCS discovered that on September 7, 2018, "Mobile USA Inc. is currently operating in the former MetroPCS store as "a non-exclusive, multi-brand retailer." *Id.*

MetroPCS filed this action for injunctive relief on October 9, 2018 (Dkt. # 1), and filed an amended complaint on January 14, 2019. Dkt. # 7. MetroPCS filed a Motion for Preliminary Injunction (Dkt. # 9), which this Court granted, and to which Defendants did not file an opposition. Dkt. # 20. Defendant Jad Dea, acting *pro se*, filed this Motion to Dismiss on February 14, 2019, before this Court ruled on MetroPCS' Motion for Preliminary Injunction. Dkt. # 12.

ORDER – 3

## II. DISCUSSION

Mr. Dea provides three apparent bases for his Motion to Dismiss, although he only cites one subsection of Fed. R. Civ. P. 12. First, he moves to dismiss MetroPCS' lawsuit for failure to state a claim under Rule 12(b)(6). Dkt. # 12 at 1. Second, Mr. Dea appears to move to dismiss due to a lack of subject matter jurisdiction, which the Court construes as a motion to dismiss under Rule 12(b)(1). *Id.* at 1-3. Third, Mr. Dea appears to move to dismiss for lack of personal jurisdiction, which the Court construes as a motion to dismiss under Rule 12(b)(2). *Id*. at 3. The Court rejects all three motions.

### A. **Rule 12(b)(6)**

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id*. at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

MetroPCS' lawsuit asks the Court to enjoin Defendants from violating the terms of the non-compete and non-solicitation provisions of the Subdealer and Dealer Agreements. Dkt. # 7. Much as it did in its Order granting MetroPCS' Motion for Preliminary Injunction (Dkt. # 20), the Court finds that MetroPCS has stated a viable claim against Defendants. MetroPCS has adequately alleged that Defendants are in violation of the Dealer and Subdealer Agreements, including the non-competition and non-solicitation provisions, by selling competing wireless services from the same

ORDER – 4

location used to sell MetroPCS services. MetroPCS has also adequately alleged that the Subdealer Agreement applies to Defendants. The Amended Complaint alleges that Mr. Dea signed the Subdealer Agreement on behalf of Metro Dealer. Dkt. # 7 at ¶ 12. The Amended Complaint alleges that the Subdealer Agreement bound not only Metro Dealer but also "its principals, owners, partners, members, shareholders, officers, directors, employees, agents ('Affiliated Persons') and any entity in which an Affiliated Person owns an interest and/or any successor entity to Dealer ('Affiliated Entity')." Dkt. # 7 at ¶ 17. The Amended Complaint also alleges that Mr. Dea was identified on the Subdealer Agreement as a principal of Metro Dealer, and that Mobile USA is an "Affiliated Entity" of Metro Dealer; as such, both would be bound by this Agreement. *Id*. at ¶¶ 6, 20. While Mr. Dea claims that there is no such contract between Metro Dealer and Defendants (Dkt. # 12 at 3-4), the Court must assume as such because this contractual relationship is adequately so alleged in the Amended Complaint.

Mr. Dea also argues that that the timeframe for MetroPCS to seek relief based on the Agreement's "non-competition and non-solicitation" provisions expired on February 14, 2019. Dkt. # 12 at 3. This argument ignores the allegation in the Amended Complaint that the Subdealer Agreement, by its terms, extended the timeframe of the covenants by one day "for each day during which the Dealer's breach was ongoing." Dkt. # 7 at ¶ 17. MetroPCS alleges in its Amended Complaint that Defendants were in continuous breach of this provisions following the termination of the parties' relationship, which would have the effect of extending this six-month timeframe.

Finally, in his Motion, Mr. Dea also alludes to a number of factual arguments that are not contained in the Complaint, such as Metro Dealer's alleged insolvency, and provides two declarations in support of his Reply attesting to various factual issues. Dkt. # 12; *see also* Dkt. ## 18, 19. A court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in

ORDER – 5

question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). However, none of the facts alleged in Mr. Dea's Motion or set forth in the Reply declarations have been shown to meet these criteria. The Court will thus not consider them for purposes of Mr. Dea's Rule 12(b)(6) Motion.

Accordingly, the Court **DENIES** Mr. Dea's Motion to Dismiss under Rule 12(b)(6).

### B. Rule 12(b)(1)

Fed. R. Civ. P. 12(b)(1) permits a court to dismiss a complaint for lack of subject matter jurisdiction. A party may bring a factual challenge to subject-matter jurisdiction, and in such cases the court may consider materials beyond the complaint. *PW Arms, Inc. v. United States*, 186 F. Supp. 3d 1137, 1142 (W.D. Wash. 2016) (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003).

In his Motion to Dismiss, Mr. Dea argues that this Court does not have subject matter jurisdiction due to a lack of diversity jurisdiction. Dkt. # 12. Federal courts are tribunals of limited jurisdiction and may only hear cases authorized by the Constitution or a statutory grant. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The burden of establishing subject-matter jurisdiction rests upon the party seeking to invoke federal jurisdiction. *Id*. Once it is determined that a federal court lacks subject-matter jurisdiction, the court has no choice but to dismiss the suit. *Arbaugh v. Y & H Corp*., 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

First, Mr. Dea argues that complete diversity is lacking because MetroPCS is a citizen of Georgia. Dkt. # 12 at 2-3. This allegation is not supported by the record. The Court has diversity jurisdiction over cases where the amount in controversy exceeds $75,000 and the case is between citizens of different states. 28 U.S.C. § 1332. A corporation is a "citizen" for diversity purposes of the state of its incorporation and the

ORDER – 6

state where its principal place of business is located. 28 U.S.C. §1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). The Amended Complaint alleges that MetroPCS is a Delaware corporation with its principal place of business in Washington. Dkt. # 7 at ¶ 4. Moreover, MetroPCS is a Delaware LLC; an LLC, like a partnership, is a citizen of every state of which "its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). MetroPCS submits a declaration that the sole member of MetroPCS is T-Mobile South, LLC, an Delaware LLC whose sole member is T-Mobile USA, Inc., a Delaware corporation with its corporate headquarters and principal place of business in Bellevue, WA. Dkt. # 14 at ¶¶ 3-4. None of the entities in this chain of apparent ownership is a citizen of Georgia, and none of the Defendants are alleged or appear to be citizens of either Delaware or Washington. Based on the current record, complete diversity exists between the parties.

Second, Mr. Dea argues that the amount in controversy does not exceed $75,000. Dkt. # 12 at 1-2. The amount in controversy is generally determined from the face of the pleadings. *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000). Where the complaint explicitly states damages that exceed $75,000, the court presumes that it has jurisdiction "unless it appears to a legal certainty that the plaintiff cannot actually recover that amount." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (internal quotation omitted). Moreover, in actions seeking injunctive relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). "Under the 'either viewpoint' rule, the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001).

Here, the Amended Complaint alleges that the amount in controversy exceeds $75,000 exclusive of interest and costs. Dkt. # 7 at ¶ 8. Based on the current record, it does not appear to a legal certainty that MetroPCS' claim is less than the jurisdictional

ORDER – 7

amount. MetroPCS also submits evidence in the form of a declaration that in the six months prior to termination, MetroPCS paid Metro Dealer over $120,000 in commissions and other payments based on sales from Metro Dealer's location. Dkt. # 15. This indicates that the value of the "object" of this litigation, i.e. a six month injunction, would well exceed $75,000 in either damages to MetroPCS or revenue for Defendants.

Accordingly, the Court **DENIES** Mr. Dea's Motion to Dismiss on subject matter jurisdiction grounds.

### C. Rule 12(b)(2)

Fed. R. Civ. P. 12(b)(2) permits a court to dismiss a complaint for lack of personal jurisdiction. Mr. Dea appears to argue that this Court lacks personal jurisdiction over Defendants due to their lack of connection to Washington. Dkt. # 12 at 2-3. Mr. Dea claims that Defendants "have no contractual relationship with any citizen of Washington state or have ever conducted any stream of commerce in the forum state where the Complaint was entered." Dkt. # 12 at 3. MetroPCS argues that the parties agreed to personal jurisdiction in Washington pursuant to a forum selection clause in the Subdealer Agreement. Dkt. # 13 at 6-7.

The Court agrees with MetroPCS. Personal jurisdiction is a waivable right. *Dow Chem. Co. v. Calderon*, 422 F.3d 827, 831 (9th Cir. 2005) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985)). Therefore, "parties to a contract may agree in advance to submit to the jurisdiction of a given court." *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316 (1964); *see also Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1396, 1406 (9th Cir. 1994). The court need not embark on a minimum contacts analysis where the defendants consent to the court's exercise of personal jurisdiction in the forum. *See Radiant Glob. Logistics, Inc. v. Drummond*, C18-1063JLR, 2018 WL 5276581, at *4 (W.D. Wash. Oct. 24, 2018) (citing cases); *see also Allred v. Innova Emergency Med. Assocs., P.C.*, No. 18-CV-03633-WHO, 2018 WL 4772339, at *1 n.1 (N.D. Cal. Oct. 1, 2018) (noting that because the forum selection clause issue was dispositive, the court did

ORDER – 8

not need to address the defendants' arguments regarding personal jurisdiction).

The Ninth Circuit recognizes that accepting a forum selection clause evidences consent to both venue and personal jurisdiction in that forum. *See SEC v. Ross*, 504 F.3d 1130, 1149 (9th Cir. 2007); *see also United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 929 n.14 (9th Cir. 2009) (finding that a contract's forum selection clause is "consent to personal jurisdiction and venue"). Forum selection clauses are "presumptively valid" and "should be honored 'absent some compelling and countervailing reason.'" *Murphy*, 362 F.3d at 1140 (quoting *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972) ). "The party challenging the clause bears a 'heavy burden of proof' and must 'clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching.'" *Id.* (quoting *Bremen*, 407 U.S. at 15).

MetroPCS argues that Paragraph 21.1 of the Dealer Agreement, which was incorporated into the Subdealer Agreement Mr. Dea signed, included a forum selection clause that provided that the exclusive venue will be in King County, Washington. Dkt. # 7 at ¶ 9; *see also* Dkt. # 10, Ex. B. MetroPCS also argues that the Dealer Agreement provides that the parties expressly waive any claim that they are not subject to personal jurisdiction in this court. *Id*. Mr. Dea does not argue that these clauses don't exist, are invalid, or are unjust; instead, he reiterates that these agreements do not apply to Defendants because they did not sign the Dealer Agreement. Dkt. # 12, 17. Again, the Court rejects this argument because, based on the current record, the Court finds that the Subdealer Agreement incorporated the Dealer Agreement and Defendants are bound by its terms.

Accordingly, the Court **DENIES** Mr. Dea's Motion to Dismiss on personal jurisdiction grounds.

ORDER – 9

## III. CONCLUSION

Based on the foregoing, the Court **DENIES** Mr. Dea's Motion to Dismiss. Dkt. # 12.

DATED this 7th day of June, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 10